## CLARK *against* DUTCHER.

A bill of exceptions must be presented to all the Judges of the Court of C. P., and be signed and sealed by them, while acting together as a Court. If presented to, and signed by them separately, out of Court, it is irregular.

*SEELY* moved to quash the writ of error and bill of exceptions, in this case. It appeared, that the bill of excep-

tions had been presented to the Judges of the Court of C. P. individually, out of Court, and was signed and sealed by them separately, and without any notice to the opposite party, of the time of its being so signed. He cited, *Sikes* v. *Ransom,* 6 *Johns. Rep.* 279. *Midberry* v. *Collins,* 9 *Johns. Rep.* 345. 10 *Johns. Rep.* 312. 1 *Salk.* 288. *Tidd's Pr.* 788.

*Starkweather* and *Morell,* contra.

*Per Curiam.* The bill of exceptions in this case is irregular. The exceptions should be settled by all the Judges, sitting together, as a Court. Separately, or individually, they cannot act judicially, or as a Court. Though a bill of exceptions may be signed after trial, or after the Court has adjourned, it should be by all the Judges, acting together, as a Court. In a similar case, at the last term, we ordered the bill of exceptions to be sent back to the Court of Common Pleas, that the Judges might consider of it and sign it, while together.

<div align="right">Motion granted.</div>