#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF STRAFFORD, JANUARY TERM,

### A. D. 1831.

---

## THE STATE *versus* BENJAMIN LORD.

When a bill of exceptions is presented to a court by counsel, the opposite party ought to have notice of it, and an opportunity to be heard, before it is allowed.

If any exception which was taken upon the trial is by mistake omitted in the bill of exceptions, the bill may be afterwards amended.

THIS was a writ of certiorari commanding two justices of the peace, in this county, to certify their doings upon a certain process of forcible entry and detainer, had before them upon the complaint of John Crocker against Benjamin Lord.

The cause was tried before the justices on the 18th November, 1829, and Lord found guilty of a forcible detainer by the jury ; whereupon it was adjudged by the justices, that Crocker should have restitution of the premises, and that Lord pay a fine of $1, and costs taxed at $26,48.

It appeared from the papers filed in the cause, that soon after the jury returned their verdict, Lord's counsel observed to the justices that he wished to file a bill of exceptions, but as he was not then prepared to draw it up, he wished to have it filed on a future day. To this course

the counsel on the other side objected, but on the 8th January, 1830, a bill of exceptions was tendered to the justices and allowed by the counsel for Crocker, he not being present.

*Peabody*, of counsel with Lord.

*Boardman*, of counsel with Crocker.

*By the court.* The bill of exceptions filed in this case has not been regularly allowed. It does not appear that the exceptions, on which the counsel now rely, were taken at all at the time of trial, or that they were in any way raised or mentioned before the adjournment of the court. Nor is this all. The bill seems not only to have been drawn up entirely since the trial, but to have been allowed without giving to the counsel on the other side an opportunity to be heard on the subject. Regularly, the exceptions should be taken at the time and reduced to writing, although it is not necessary that the bill should be formally drawn. It may be put into proper shape afterwards. The opposite counsel should, however, have notice of the time when it is to be allowed, and an opportunity to be heard. 2 Peters' S. C. R. 15 ; 2 Tidd's Prac. 788 ; 19 Johns. 246, *Clark* v. *Dutcher* ; 1 Starkie's Ev. 432 ; 7 Cowen, 102 ; 3 ditto, 32.

The evidence stated in the bill of exceptions was altogether insufficient to prove a forcible detainer ; and if any objection was made to its sufficiency at the trial, and the justices misdirected the jury, or refused to give the jury proper directions, on the subject, the bill may be still amended. 7 Cowen, 102.

But if the exceptions were not taken at the time, this remedy is now lost. 3 Cowen, 32.

### NOTE.

The proceedings before the justices were afterwards quashed for a defect in the complaint.